# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

---

STEPHEN JENNEY AND OTHERS, RESPONDENTS, *v.* THE CITY OF BROOKLYN, APPELLANT.

*Negligence — action against a city for damages caused by the bursting of a hydrant through its improper construction.*

APPEAL from a judgment in favor of the plaintiffs, entered upon the verdict of a jury, at the Kings County Circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

This action was brought against the city of Brooklyn to recover the damages inflicted upon the oil works of plaintiffs, situate in said city, by a flood of water in Kent avenue. It was alleged that the defendant had placed a water-main and erected and constructed a certain fire hydrant on the sidewalk, between the curb-stone and the wall of plaintiffs' oil works, and had connected the same with the said main pipe; that it had negligently failed, through unskillful workmanship, to construct said coupling of said hydrant with the said main, of substantial materials and of sufficient strength to resist the pressure or head of water in that location; that, on the 16th day of June, 1885, between three and four o'clock in the morning, the pressure of the water detached the hydrant from the said main pipe, casting a flood of water on the street, and from thence over the works of plaintiffs, which were below the level of the street. The defendant set up that the liability, if any were established, was cast upon the Department of City Works, and not upon the city of Brooklyn; and further denied that the defendant had in any way been negligent either in the construction of the hydrant, the water-main, or the connection made between the two.

The court at General Term said: "There was sufficient proof of negligence to go to the jury. The injury was alleged in the complaint to have resulted from the blowing out of a hydrant put in one of the streets of the city by the defendant through one of its

departments. The proof shows that this hydrant was put in position in November, 1884. It was proven that it blew out in June, 1885, in the night. There was no eye-witness, but the circumstances pointed unmistakably to the fact that the hydrant was detached at its elbow under the gutter of the street. The water came from that place after the accident, and the hydrant was gone from its place. The hydrant was put there to stand the pressure of the water and it failed in less than a year. When an accident, in the ordinary course of events, would not happen without great neglect, the facts proven to that end may go to a jury. If the case was properly for a jury, then the proof that the elbow was well made, as proven by the workmen who did it or caused it to be done, only makes a question of fact for the jury. Upon the whole case it is a fair conclusion that there was a neglect in the construction of the appurtenances to the hydrant. Assuming this to be the fact, the city is liable under the case of *Seifert* v. *The City of Brooklyn* (101 N. Y., 136). It was held in that case that section 27, title 19, chapter 863, Laws of 1873, did not exempt the city from liability when the injury resulted from work done, originally defective or continued after notice. The jury found that the hydrant was originally constructed without due care."

The judgment should be affirmed, with costs.

*Almet F. Jenks*, for the appellant.

*M. F. Stearns* and *D. P. Barnard*, for the respondents.

Opinion by BARNARD, P. J.; DYKMAN, J., concurred.

Judgment and order denying new trial affirmed, with costs.